UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VICTORIA REYES,  No. 2:08-cv-01219-MCE-EFB

    Plaintiff,

  v.  **MEMORANDUM AND ORDER**

CITY OF WEST SACRAMENTO,
and DOES 1 to 50,

    Defendants.

----oo0oo----

Defendant City of West Sacramento ("Defendant" of "City") moves for summary judgment in this case on grounds that Plaintiff Victoria Reyes ("Plaintiff") has not shown an unconstitutional policy or custom giving rise to Defendant's liability under 42 U.S.C. § 1983.  For the reasons set forth below, Defendant's Motion will be granted.

///
///
///
///

1

**BACKGROUND**

Plaintiff filed this lawsuit on May 30, 2008, alleging that law enforcement officers employed by Defendant violently threw her to the ground while taking her into custody as a fugitive exactly a year earlier, on May 30, 2007.  According to Plaintiff, she was pregnant at the time of the May 30, 2007 arrest.  As a result of the excessive force employed by the officers, Plaintiff claims she ultimately miscarried her unborn child on August 28, 2007.

Plaintiff's Amended Complaint, filed June 9, 2008, names the City of West Sacramento, only, and contains a single cause of action, for so-called Monell liability[1] in violation of 42 U.S.C. § 1983. Specifically, the Amended Complaint asserts that the City had a custom or policy "to have its officers use violent means to take fugitives like plaintiff into custody."  Am. Compl., ¶ 14.

On October 31, 2008, Defendant propounded interrogatories requesting that Plaintiff identify the specific policies or customs supporting her claim against the City.  (Def.'s Statement of Undisputed Fact ("SUF") No. 4).  In response to that discovery, Plaintiff provided answers on February 11, 2009, some eight months after she filed this lawsuit, indicating that it was simply her "belief" that Defendant had a custom, policy or practice of using unnecessary and excessive force when taking fugitives into custody.  Id.

---

[1] This theory of municipal liability stems from the Supreme Court's decision in Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978).

1 Defendant now moves for summary judgment on grounds that
2 Plaintiff's professed belief, without more, cannot support her
3 claim.  According to Defendant, Plaintiff has produced no
4 evidence to support her Monell claim against the City.  (DeNardo
5 Decl., ¶ 5).
6      In opposition to Defendant's Motion, Plaintiff argues that
7 the City's failure to discipline the officers involved in her
8 arrest is enough to show the requisite custom, policy or practice
9 for purposes of surviving summary judgment.  The City's internal
10 affairs investigation of the incident found Plaintiff's
11 allegations against the officers in question to be unfounded.
12 (Zal Decl., Ex. 1, p. 4).

**STANDARD**

16      The Federal Rules of Civil Procedure provide for summary
17 judgment when "the pleadings, depositions, answers to
18 interrogatories, and admissions on file, together with
19 affidavits, if any, show that there is no genuine issue as to any
20 material fact and that the moving party is entitled to a judgment
21 as a matter of law."  Fed. R. Civ. P. 56(c).  One of the
22 principal purposes of Rule 56 is to dispose of factually
23 unsupported claims or defenses. Celotex Corp. v. Catrett, 477
24 U.S. 317, 325 (1986).
25 ///
26 ///
27 ///
28 ///

Under summary judgment practice, the moving party

> "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Rule 56(c).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-587 (1986); First Nat'l Bank v. Cities Ser. Co., 391 U.S. 253, 288-289 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).

///
///
///

Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448, 20 L. Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts...Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87.

**ANALYSIS**

Although a municipality like Defendant herein cannot be held liable for constitutional injuries inflicted by its employees on a theory of respondeat superior, it can be liable under 42 U.S.C. § 1983 if the enforcement of a municipal policy or custom was the moving force behind the alleged violation of federally protected rights.  Monell v. Dept. of Soc. Servs, supra, 436 U.S. at 694.

Not surprisingly, there is no allegation here that Defendant had any formal policy authorizing the use of excessive force in arresting fugitives like Plaintiff herein.  Defendant can still be held liable, however, if it had an unwritten polity or custom so "persistent and widespread" that it amounts to a "permanent and well settled [entity] policy."  Id. at 691.

"Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). The existence of a custom or informal policy may nonetheless be inferred given evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded. Henry v. County of Shasta, 132 F.3d 512, 518-19 (9th Cir. 1997); McRorie v. Shimoda, 795 F.2d 780, 784 (9th Cir. 1986).

In support of her allegation that the requisite custom or practice has been established, Plaintiff cites only to her own arrest and the fact that the involved officers were not disciplined. A single instance of allegedly errant behavior, however, is generally not sufficient to support a claim for custom and practice municipal liability against the City under § 1983. Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985); Los Angeles Police Protective League v. Gates, 907 F.2d 879, 890 (9th Cir. 1990).

In Meehan v. City of Los Angeles, 825 F.2d 102 (9th Cir. 1988), the Ninth Circuit held that two incidents involving alleged unconstitutional harassment did not support the existence of a custom sufficient to establish municipal liability under Monell. Id. at 106.

///
///
///
///

1  Moreover, in <u>Henderson v. City and County of San Francisco,</u> 2006
2  WL 3507944 (N.D. Cal. 2006), the Ninth Circuit rejected
3  plaintiff's attempt to hold the City liable under <u>Monell</u> where
4  plaintiffs, who were present and former inmates of the San
5  Francisco County Jail, alleged that deputies violated their
6  constitutional rights (through the use of excessive force and
7  deliberate indifference to medical needs) on six separate
8  occasions between December 2003 and December 2004.  Similarly, in
9  <u>Estate of Manzo v. County of San Diego</u>, 2008 WL 4093818 (S.D.
10 Cal. 2008), a case also involving allegations of excessive force,
11 the court rejected as insufficient for <u>Monell</u> purposes four
12 alleged incidents in which non-Hispanic deputies used deadly
13 force on suspects with Hispanic surnames.  <u>Id</u>. at * 4-5.  After
14 looking at the circumstances present in each of those instances,
15 the <u>Manzo</u> court concluded that there was only perhaps one
16 incident where City of Vista deputies unconstitutionally used
17 deadly force against a Hispanic suspect.  Importantly, for
18 purposes of this case, the <u>Manzo</u> court explictly rejected a
19 single incident as supporting a viable <u>Monell</u> claim:

> "The Court concludes that the evidence of one prior incident involving a possible constitutional violation suffered by a Hispanic victim is insufficient to infer a county policy of deliberate indifference to constitutional violations or any of the other policies or customs alleged by Plaintiffs that was the moving force of the Manzo shooting."

24 <u>Id</u>. at * 6.
25 ///
26 ///
27 ///
28 ///

7

Plaintiff's reliance on Henry v. County of Shasta, supra, in arguing otherwise is misplaced.  In that case, the Ninth Circuit found evidence of a policy abusing those stopped for minor traffic infractions that involved both other detainees and other officers on a number of different occasions.  Henry, 132 F.3d at 518-21.  As the Ninth Circuit noted, "the evidence of the officials' conduct strongly suggests that Henry's treatment resulted from a widespread pattern of abuse by numerous individuals rather than a single instance of mistreatment by a solitary officer."  Id. at 521.  Here, on the other hand, there is no evidence of any such "widespread" pattern.  Instead, Plaintiff points only to her particular case in arguing that a custom or practice of abuse occurred.  That is not enough under the law for § 1983 liability.

Given the nearly sixteen months that has elapsed since Plaintiff instituted the present lawsuit, she has had more than enough time to identify additional evidence, beyond the alleged circumstances of her own single claim, to support her claims of an unconstitutional policy or custom on the City's part.  The fact that she has not done so mandates summary judgment in Defendant's favor.

///
///
///
///
///
///
///

**CONCLUSION**

For all the foregoing reasons, Defendant's Motion for Summary Judgment (Docket No. 14) is GRANTED.[2]  Judgment shall be entered in favor of Defendant City, and the Clerk of Court is directed to close this file.

IT IS SO ORDERED.

Dated: September 25, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Local Rule 78-230(h).

9